Christopher H. Dieterich, Esq. (SBN 092592)
e-mail: venturlaw@gmail.com
Mahbod Mike Khalilpour, Esq. (SBN 266821)
e-mail: mike.khalilpour@gmail.com
**DIETERICH & ASSOCIATES**
11835 W. Olympic Blvd., Ste. 1235E
Los Angeles, California 90064
Telephone: (310) 312-6888
Facsimile: (310) 312-6680

Attorney(s) for Defendant(s)
  MICRO IMAGING TECHNOLOGY, INC.

# UNITED STATES SUPERIOR COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICRO IMAGING TECHNOLOGY, INC., a California corporation<br><br>  Plaintiff(s),<br><br>vs.<br><br>MICHAEL W. BRENNAN, an individual, et al.<br><br>  Defendant(s). | Case No.: CV-01336-JLS (ANx)<br><br>**RULE 26(f) JOINT REPORT** |

Pursuant to the Court's Scheduling Order of February 23, 2015, and Rule 26(f) of the Federal Rules of Civil Procedure, the parties conducted a Rule 26(f) conference by telephone on April 8, 2015.

**A. Parties**

In attendance at the telephonic conference were: Mahbod Mike Khalilpour, of Dieterich & Associates, for the Plaintiff, Micro Imaging Technology, Inc; A.J. Glassman of the Law Office of A.J. Glassman, for the Defendant, Michael W. Brennan.

**B. Discussion**

The parties conferred regarding the topics set forth in Rule 26(f) and report as follows:

### ***i.    Statement of the Case***

Plaintiff Micro Imaging Technology, Inc. (the "Company") contends that during the time periods of August 2, 2006 thru April 13, 2012, Defendant Michael W. Brennan ("Brennan") was an "insider" (by virtue of being an officer and director of Micro Imaging Technology, a publically traded company).

During this time period, Brennan was issued shares of the Company's common stock, both as compensation and as an incentive, given the economic concept of an increasing price of the shares as a return on good services provided by the executive to the company. These share issuances, commencing with the Quarterly Report (Form 10QSB) filed on September 14, 2006, were dutifully reported by the company. From November 2, 2006 through February 2, 2011, Brennan continued to post his Form 4's on the Edgar system, as mandated by the SEC. However, only two of these filings actually listed sales of securities: one on November 2, 2006 and one on April 10, 2007.

Based upon filings made by Brennan, in a complaint initiated against persons and entities other than Plaintiff with the Financial Industry Regulatory Authority ("FINRA") on November 2013, Defendant Brennan admits, for the very first time, to selling shares on at least 71 occasions (many of these are duplicates or occurrences on the same transaction date) up to 2,800,000 shares.

On or about July 2013, in demand letters to the Company, Brennan asserted that he has sold all of his shares, which would equate to disposing of more than 50 million shares of the Company between December 31, 2010 December 2014. It is Plaintiff's main contention that most of these shares were sold while Brennan was still an affiliate, prior to the lapse of that status on July 12, 2012, and, of course, Brennan did not file Form 4's or make any other announcement of these sales to the public, as required. Based upon Brennan

failing to properly report these sales to both the SEC, and hiding these sales from the Company, Plaintiff contends compensatory and treble damages by way of Rule 10b-5, Section 16(a), California Corporation Code § 25402, and common law breaches of fiduciary duties to the Company.

Defendant Michael W. Brennan on the other hand, contends that the sale transactions clearly show zero profits to disgorge, and contends that (a) the securities were all sold at a loss and/or the interpretation and accounting method alleged by Plaintiff in seeking disgorgement of profit is not accurate. Additionally, Defendant Brennan contends that as a result of a new CEO (Jeffrey Nunez) and Director being installed in his place, that *he* was responsible for all of the alleged sales taking place and therefore, it was the new CEO / Director's duty to disclose such to the Company and/or the SEC.

### ii. Legal Issues

The main legal issues underlying this case are interpretations and methodologies of the "short swing profit" rule (15 U.S.C. § 78p), and the failures, if any, of fraudulent sale / purchase of securities (15 U.S.C. §78j). On the one-hand, Plaintiff contends "short swing profits" in excess of $250,000—while Defendant Brennan contends that amount to be either $0 or in the negative.

### iii. Damages

Plaintiff Micro Imaging Technology contends that damages based upon the "short-swing profit" rule, as applied will realistically show "profit," as that term is defined in excess of $260,000.00—which would be discussed *via* expert testimony.

### iv. Insurance

There is no insurance coverage pertaining to the acts and/or omission

alleged in the Complaint.

### v. *Motions*

Defendant Michael W. Brennan may be filing a Motion for leave to file a Counter-Claim against Plaintiff and its current Chief Executive Officer, Jeffrey Nunez, for items including general negligence and breach of fiduciary duties.

### vi. *Discovery*

Plaintiff has currently propounded Requests for Production of Documents, Requests for Admission (including genuineness of documents), and Interrogatories to Defendant Michael W. Brennan. Plaintiff will seek to depose Michael W. Brennan based upon his and counsels' schedule in the next 45 to 60 days.

Defendant has not propounded any discovery or sought deposition(s) from Plaintiff or any third party at this time.

### vii. *Discovery Plan*

Plaintiff Micro Imaging Technology has, as of the signing of this Joint Report, propounded its first set of written discovery, including document requests, requests for admission, and interrogatories. Based upon Defendant's responses thereto, a deposition of Michael W. Brennan will be scheduled forthwith in the next 45-60 days, depending upon Defendant and counsel's schedule. Plaintiff will be seeking to subpoena business records of Defendant's brokerage and/or other entities used by him to facilitate the sale of securities pertaining the Complaint. Plaintiff's discovery should be completed in no more than 120-180 days, barring any unforeseen circumstances.

### viii. *Discovery Cut-Off*

Plaintiff and Defendant propose a discovery cut-off of October 31, 2015 for all written and oral discovery.

### ix. *Dispositive Motions*

Plaintiff intends to seek summary judgment on issues pertaining to the "short swing profit" allegations in the Complaint.

### x. *Settlement*

Both Parties have conducted extension settlement negotiations relating to the underlying claim—and have been unable to reach an amicable resolution.

### xi. *Trial Estimate*

The Parties estimate that the underlying trial will take between 5-7 days. Both parties have requested a jury trial. Plaintiff will seek to call no more than 3 percipient witnesses, 1 adverse witness, and 1 expert witness. Defendant will seek to call 1 expert witness and 3 to 5 percipient witnesses.

DATED: April 30, 2015                **DIETERICH & ASSOCIATES**

By: */S/ Christopher H. Dieterich, Esq.*

Christopher H. Dieterich, Esq.
*Attorney for Plaintiff*

DATED: April 30, 2015

By: */S/ A.J. Glassman, Esq.*

A.J. Glassman, Esq.
*Attorney for Defendant*

JOINT RULE 26(f) REPORT

# CERTIFICATE OF SERVICE

    I hereby certify that on July 14, 2014, a copy of the foregoing Answer was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operations of this Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: May 4, 2015          By:*/S/ Mahbod Khalilpour, Esq.*

                                      Mahbod Khalilpour